UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                               Case No. 3:20-cr-623

           Plaintiff

     v.                                               MEMORANDUM OPINION
                                                         AND ORDER

Terrance Duprice Barnwell,

           Defendant

## I.     INTRODUCTION

Before me is Defendant Terrance Duprice Barnwell's motion to obtain grand jury transcripts. (Doc. No. 21). The government filed a brief in opposition to Barnwell's motion. (Doc. No. 25). Barnwell filed a reply brief. (Doc. No. 26).

## II.     BACKGROUND

On July 21, 2020, the government filed a criminal Complaint against Barnwell, alleging Barnwell, as a convicted felon, illegally possessed a firearm and ammunition on November 15, 2019, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1).

The affidavit in support of the Complaint and arrest warrant first recounted the circumstances leading to Barnwell's November 15, 2019 arrest. (Doc. No. 1-1 at 1-2). Then, it stated that, upon his arrest, "BARNWELL was searched and was found to have a large object with multiple chunks of suspected heroin." (*Id.* at 2). Finally, it described: the manner in which a firearm was located in his girlfriend's hotel room, the manner in which the firearm was connected to Barnwell, and the fact that the Barnwell was not legally permitted to possess a firearm because of his

criminal history. (*Id.* at 2-3). Based upon this affidavit, a warrant was issued for Barnwell's arrest. (Doc. No. 2).

On October 15, 2020, the grand jury returned an indictment charging Barnwell with one count of possession with intent to distribute carfentanil, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). (Doc. No. 18). Specifically, the indictment stated, "On or about November 15, 2019, in the Northern District of Ohio, Western Division, Defendant TERRANCE DUPRICE BARNWELL, did knowingly and intentionally possess with the intent to distribute at least 10 grams of a mixture and substance containing a detectable amount of carfentanil , a Schedule II controlled substance." (*Id.*).

Although the offense charged occurred on the same date as the firearm offense alleged in the Complaint, Barnwell was not charged with that firearm offense. In fact, the government did not bring the Complaint before the grand jury to decide whether to charge Barnwell for this offense, and the indictment made no mention of a firearm. Because of the difference between the crime charged in the Complaint and that for which he was indicted, Barnwell moves to obtain the grand jury transcript. (Doc. No. 21).

### III. DISCUSSION

"Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 n.9 (1979). But there are exceptions to the general rule of grand jury secrecy; those exceptions are listed in Rule 6(e)(3) of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 6(e)(3).

Barnwell seeks to obtain a copy of the grand jury transcript under Rule 6(e)(3)(E)(i), which provides that a court may authorize disclosure of grand jury proceeding "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). To succeed on his motion,

2

Barnwell must show a "'compelling necessity' … for breaking the 'indispensible secrecy of grand jury proceedings.' [*United States v. Procter & Gamble Co.*, 356 U.S. 677, 681-82 (1958)]. This compelling necessity must be demonstrated by establishing a 'particularized need' rather than a general one. *Id.* at 683." *United States v. Short*, 671 F.2d 178, 187 (6th Cir. 1982).

In his initial motion, Barnwell first asserted the "discrepancy between the two charging documents necessarily raises the question of what was and was not presented to the grand jury." (Doc. No. 21 at 1). He seemingly clarified his position on the following page, arguing, "[t]he discrepancy between Mr. Barnwell's complaint and indictment raise an inference that the original firearms charge was presented to the jury and found to lack probable cause" and claiming, "[a] potential finding of no probable cause therefore directly affects Mr. Barnwell's case strategy, including decisions about proceeding to trial and potential strategy." (*Id.* at 2). The government countered by stating, "the information the defendant requests-did the grand jury return a No Bill-is already a public record."[1] (Doc. No. 25 at 4-6).

In response to the government, Barnwell contends his "request is not that simple" and again generally asserts "the lack of connection between the Complaint and the Indictment in this case 'raises the question of what was and was not presented to the grand jury.'" (Doc. No. 26 at 1 (quoting Doc. No. 21 at 1)). Barnwell then argues, "[t]he fact that the Complaint and the Indictment charge distinct offenses with no common elements is not only unusual, it raises grave concerns about due process and Mr. Barnwell's ability to effectively defend himself." (Doc. No. 26 at 1).

I acknowledge the government's decision not to submit the Complaint to the grand jury for consideration and instead pursue a different charge altogether may not be the custom. But Barnwell

---

[1] The government advised there were no No Bills returned on the day Barnwell's case was returned or at any point since the Complaint was issued. (Doc. No. 25 at 4-5).

3

does not allege this action, in itself, violated his due process rights nor does he give any indication of how "what was and was not presented to the grand jury" may implicate his due process rights. Barnwell also fails to provide any explanation of how his ability to effectively defend himself is hindered because he does not know "what was and was not presented to the grand jury." Without this, I must conclude Barnwell's motion is nothing more than a general request, and not one detailing "particularized need."

### IV. CONCLUSION

Because Barnwell fails to show a "particularized need" for the grand jury transcript, his motion is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge