UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Terrance Duprice Barnwell,

        Defendant.

Case No. 3:20-cr-623

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Defendant Terrance Duprice Barnwell has filed a motion to dismiss the 21 U.S.C. § 841(b)(1)(B) sentencing enhancement charged in the indictment. (Doc. No. 35). The government filed a brief in opposition to his motion, (Doc. No. 37), and Barnwell has filed a brief in reply. (Doc. No. 38). For the reasons stated below, I grant Barnwell's motion.

## II. DISCUSSION

On October 15, 2020, a grand jury returned an indictment charging Barnwell with one count of possession with intent to distribute carfentanil, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). (Doc. No. 18). The indictment also includes an enhanced penalty provision, alleging Barnwell has a prior qualifying conviction involving a serious violent felony. (*Id.*). The §841(b)(1)(B) enhancement would increase Barnwell's mandatory minimum sentence from 5 years to 10 years, and his potential maximum sentence from 40 years imprisonment to life imprisonment. 21 U.S.C. § 841(b)(1)(B).

In this case, the alleged qualifying offense is Barnwell's 2010 conviction for a second-degree felony of robbery, in violation of Ohio Revised Code § 2911.02(A)(2), in the Lake County, Ohio Court of Common Pleas. (*See* Doc. No. 35-2). Barnwell contends this conviction is insufficient to support the § 841(b)(1)(B) enhancement because the incident did not involve the use or threatened use of a weapon, or result in death or serious bodily injury to either of the victims. (Doc. No. 35 at 2-4). The government contends Barnwell has not met his burden of proving, by clear and convincing evidence, that his prior conviction does not qualify as a serious violent felony. (Doc. No. 37 at 12-13).

As Barnwell notes, § 3559 expressly states:

> Robbery . . . shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

18 U.S.C. § 3559(c)(3).

Section 1365 defines "serious bodily injury" as "bodily injury which involves (A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1365(h)(3).

Barnwell has submitted a police report compiled following an April 2009 incident in which Barnwell assaulted two people while attempting to retrieve money he claimed one of the individuals owed him. The document contains narrative statements from five officers who responded to the incident or who were involved in investigating what occurred. (Doc. No. 35-1 at 2-10). The document also contains written statements from the two victims, as well as a third person who witnessed the assaults. (*Id.* at 11-12, 15-17). As Barnwell points out, these documents indicate the extent of the physical injuries sustained by anyone during the incident was limited to bruises and

2

abrasions, and no one indicated Barnwell used or threatened to use a weapon during the altercation. (*See id.* at 2-17). Barnwell also filed a copy of the state court indictment, which likewise makes no mention of a weapon. (Doc. No. 38-1 at 2-4). Similarly, Barnwell's state-court plea agreement and the journal entry memorializing his conviction make no mention of the use of or threat to use a weapon. (Doc. Nos. 35-2 and 35-3).

The government argues Barnwell has not met his burden because "[l]ack of evidence should not stand in for the requirement of affirmative proof of an element by clear and convincing evidence." (Doc. No. 37 at 13). While far less ink has been dedicated to defining the contours of the clear-and-convincing evidence standard than has been offered for the preponderance-of-the-evidence or reasonable-doubt standards, there is relevant precedent that supports the conclusion that Barnwell has made a sufficient showing to carry his burden of proof. The Supreme Court, in a different context, described clear and convincing evidence as evidence sufficient to "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions [is] 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).

I conclude Barnwell has offered sufficient evidence, both direct and circumstantial, to show it is highly probable that he did not use or threaten to use a weapon during the offense. The police report from the 2009 incident includes statements from two individuals who expressed a desire to press charges against Barnwell. (Doc. No. 35-1 at 5, 15). One of those individuals quoted dialogue on the incident in her oral and written reports to the police. (*Id.* at 4, 11-12). None of these contemporaneous records make any mention of a weapon or a threat to use a weapon. While, as the government argues, such threats may "not be uncommon," (Doc. No. 37 at 13), there is no implication from the state court records that any such threat actually occurred in this case.

The parties also offer well-reasoned arguments regarding whether robbery convictions under Ohio Revised Code § 2911.02(A)(2) could ever be qualifying felonies under 18 U.S.C. §

3

3559(c)(2)(F). (*See* Doc. No. 35 at 3-8; Doc. No. 37 at 3-12). Because I conclude Barnwell has produced clear and convincing evidence that his specific conviction is a non-qualifying conviction, I decline to answer the more general question posed by the parties.

### III. CONCLUSION

I conclude Barnwell's 2010 Ohio robbery conviction is a non-qualifying felony under § 3559(c)(3). Therefore, and for the reasons set forth above, I grant his motion, (Doc. No. 35), and dismiss the § 841(b)(1)(B) sentencing enhancement.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge